BANKERS INDEMNITY INSURANCE CO.
*vs.* THE SUPERIOR COURT.

JULY 10, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is a petition for a writ of prohibition directed to the superior court. It seeks to restrain that court from entertaining or taking further proceedings upon a petition filed by an employee, to adjudge his employer's insurer (petitioner here) in contempt for willful failure or neglect to make certain compensation payments in accordance with a preliminary agreement duly entered and approved under the workmen's compensation act. General laws 1938, chapter 300, § § 1 and 6. It is before us on a citation to show cause why it should be filed and the writ issued as prayed.

The petition grew out of a workmen's compensation appeal very recently decided in *Gobeille* v. *Ray's Inc.*, 65 R. I. 207, wherein most of the material facts have been set forth sufficiently and need not be repeated. While the insurer's appeals from the two decrees entered in that cause upon similar petitions to adjudge it in contempt were pending in this court, the employee filed a so-called "second supplementary petition" in the superior court to have the insurer adjudged in contempt. That petition was similar in all respects to the two previous petitions brought by the employee for the same purpose, excepting only that further time had elapsed and additional payments accrued under the agreement without any payment thereof by the insurer to the employee.

The insurer then sought to file the instant petition for a writ of prohibition to restrain the superior court from entertaining or taking further proceedings with relation to such "second supplementary petition", which was filed in that court on March 26, 1940. A citation was issued and further proceedings in the superior court were stayed until the whole matter could be heard before us on the date assigned for hearing, upon the merits, of the two previous appeals. Those appeals were determined, as stated, in our opinion in *Gobeille* v. *Ray's Inc.*, *supra*.

The petitioner here argues substantially that the superior court would be acting either without jurisdiction or in excess thereof, if it entertained the so-called "second supplementary petition" to adjudge the insurer in contempt, since the whole cause had been removed from that court by appeal to this court from a final decree. Whether or not this is so, we need not decide. Even if the jurisdiction of the superior court, under these circumstances, was questionable or plainly lacking, we have held that we would not assume, on petitions for prohibition, that the lower court would pass incorrectly upon the question of its own jurisdiction. *Stevens* v. *The Superior Court,* 44 R. I. 282, at 287; *Cloutier* v. *Vidal,* 107 A. 78 (R. I.).

Moreover, a writ of prohibition rests in the discretion of this court and, under the practice in this state, is rarely granted where there is another adequate remedy. *Narragansett Racing Ass'n.* v. *Kiernan,* 59 R. I. 90, 104, and cases cited. In the instant cause, in the event that the superior court should entertain the so-called "second supplementary petition" without or in excess of its jurisdiction, or should determine it in such a way as to abuse its discretion, if it decided that it had jurisdiction, another adequate remedy is available to the petitioner by suitable proceedings under the workmen's compensation act, or otherwise, to have such action of the superior court reviewed.

This court's unwillingness to assume that the superior court will commit error in this matter is given additional force here, in view of our recent determination in *Gobeille* v. *Ray's Inc., supra,* of the principles of law that are fundamental to all these petitions to adjudge this insurer in contempt.

The court, therefore, refuses to permit the petition to be filed and dissolves the order entered April 2, 1940, staying proceedings in the superior court in the cause entitled *Frank Gobeille* v. *Ray's Inc. and Bankers Indemnity Insurance*

*Company,* W. C. A. No. 2141, second supplementary petition to adjudge in contempt.

*Fergus J. McOsker,* for petitioner.

*Greenough, Lyman & Cross, Harvey S. Reynolds,* for respondent.